## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANA ALICIA ARGUETA LOPEZ<br>836 Bonifant Street<br>Silver Spring, Maryland 20910<br><br>And<br><br>GEREMIAS ARMAN SERMENO BLANDIN<br>836 Bonifant Street<br>Silver Spring, Maryland 20910<br><br>**On Behalf of Themselves and**<br>**Others Similarly Situated**<br><br>PLAINTIFFS,<br><br>v.<br><br>COOSEMAN'S D.C. INCORPORATED<br>12144 Queens Chapel Road, NE<br>Washington, DC 20018<br><br>Serve:  David Blue<br>12144 Queens Chapel Road, NE<br>Washington, D.C. 20018<br><br>DEFENDANT. | Civil Action No.: |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Ana Alicia Argueta Lopez ("Lopez") and Geremias Arman Sermeno Blandin

("Blandin") (together, "Plaintiffs"), by and through undersigned counsel, on behalf of themselves

and all others similarly situated, hereby submit their Collective Action Complaint against

Defendant Cooseman's D.C. Incorporated ("Defendant"), to recover damages under the Federal

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the D.C.

Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA") as set

forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs[1] are adult resident of the State of Maryland.  At all times, Plaintiffs performed a substantial amount (more than 50%) their work duties for Defendant in the District of Columbia.

3.      Defendant is a corporation formed under the laws of the Commonwealth of Virginia.

4.      At all times, Defendant has regularly and substantially engaged in business operations in the District of Columbia.

5.      At all times, Defendant was Plaintiffs' "employer" and the employer of other similar situated individuals for purposes of the FLSA and DCMWA.

6.      During Plaintiffs' employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7.      At all times relevant, Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8.      At all times, Plaintiff and more than two other employees of Defendant were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9.      This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

---

[1] By acting as the named Plaintiffs herein, Plaintiffs hereby affirm their consent to participate as plaintiffs in a collective action under the FLSA and DCMWA.

10.     Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).

11.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

12.     Plaintiffs were employed by Defendant as full time employees from about 2011 through about August 2015.

13.     While in Defendant's employ, Plaintiffs worked continuously and substantially (more than 50%) in the District of Columbia.

14.     While in Defendant's employ, Plaintiff's exact hours worked each week varied from week to week.

15.     While in Defendant's employ, Plaintiff regularly worked more than forty (40) hours per week and often worked more than fifty (50) and occasionally more than sixty (60) hours per week.

16.     While in Defendant's employ, Defendant paid Plaintiffs as an hourly employees.

17.     While employed, Defendant pay Plaintiffs at the rate of one-and-one-half (1½) times their regular rate of pay for all overtime hours worked each week in excess of forty (40).

18.     While employed, Defendant attempted to avoid Federal and District of Columbia overtime pay violations by requiring that Plaintiffs sign "waivers" to waiver or release overtime rights under Federal and District of Columbia law.

19.     Any waiver signed by Plaintiffs of overtime rights under Federal or District of Columbia law is void and unenforceable as a matter of law.

20.     While employed, Defendant attempted to hide Federal and District of Columbia overtime violations by causing Plaintiffs to be paid through a third-party entity payroll processing company rather than running payroll directly through Defendant to Plaintiffs.

21.    At all times, Defendant was Plaintiffs' employer under Federal and District of Columbia law notwithstanding that a third-party payroll processing company may have drafted checks to the order of Plaintiffs.

22.    At no time while in Defendant's employ did Plaintiffs perform work that meets the definition of exempt work under the Federal or District of Columbia law.

23.    At all times, Defendants had knowledge of the Federal and District of Columbia overtime pay requirements and had actual knowledge that it was willfully violating Federal and District of Columbia law in failing to pay Plaintiffs overtime wages at the time-and-one-half rate.

## COLLECTIVE ACTION ALLEGATIONS

24.    Plaintiffs are pursuing this action as a FLSA and DCMWA collective action on behalf of themselves and all other similarly situated individuals who performed work duties for Defendant who worked more than forty (40) hours per week and were not paid at the rate of one-and-one half (1½) times their regular rate of pay for overtime hours worked per week in excess of forty (40).

25.    In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

26.    Plaintiffs and other similarly situated individuals were paid according to a common pay plan as hourly employees and were commonly not paid overtime wages in compliance with the overtime compensation requirements of Federal and District of Columbia law.

27.    Common to Plaintiffs and all class members is that each individual received overtime compensation from Defendant at a rate less than what is required by Federal and District of Columbia Law.

28.    In the present case, the number of class members is believed to exceed thirty (30) current and former employees of Defendant.

29.     All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendant.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**

30.     Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

31.     The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

32.     At all times, Plaintiffs were "employees" covered by the FLSA, and Defendant was Plaintiffs' "employer" under the FLSA.

33.     Defendant, as Plaintiffs' employer, was obligated to compensate Plaintiffs for overtime hours worked at the overtime rate equal to one-and-one-half (1½) times Plaintiffs' regular rate of pay for overtime hours worked each week in excess of forty (40).

34.     Plaintiffs worked overtime hours in excess of forty (40) hours per week while in Defendant's employ and Defendant had knowledge of all hours Plaintiffs worked and suffered or permitted Plaintiffs to work all hours herein alleged.

35.     While in Defendant's employ, Defendant did not pay Plaintiffs for all overtime hours worked per week in excess of forty (40) at the overtime rate required by the FLSA.

36.     Plaintiffs are entitled to, and are owed, overtime wages under the FLSA.

37.     Defendant has failed to compensate Plaintiff (and others similarly situated) properly and as required by the FLSA for overtime hours worked.

5

38.     Defendant's failure to pay compensation as required by the FLSA was knowing, willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

39.     Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

40.     Plaintiffs were an "employees" and Defendant was Plaintiffs' "employer" within the meaning of the DCMWA.

41.     Pursuant to the DCMWA, Defendant, as Plaintiffs' employer, were obligated to compensate Plaintiffs for overtime hours worked at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for overtime hours worked each week in excess of forty (40).

42.     Plaintiffs worked overtime hours substantially (more than 50%) in the District of Columbia in excess of forty (40) hours per week while in Defendant's employ and Defendant had knowledge of all hours Plaintiffs worked and suffered or permitted Plaintiffs to work all hours herein alleged.

43.     While employed, Defendant did pay Plaintiff for all overtime hours worked each week in excess of forty (40) at the rate required by the DCMWA.

44.     Plaintiffs are entitled to, and are owed, overtime pay under the DCMWA.

45.     Defendant's failure and refusal to pay compensation as required by the DCMWA was knowing, willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs (and all others similarly situated who have joined in this suit) under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages as provided by the DCMWA, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*